[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
I
The defendant's motion to strike (# 108) dated October 16, 1997 and filed October 31, 1997 is denied.
 II
The plaintiff's motion for protective order (# 109) dated November 3, 1997 is granted and the defendant shall not notice the plaintiff's deposition for a date less than twenty days from the completion of the deposition(s) of the defendant. The defendant's objection to the motion is overruled.
 III
The plaintiff's motion for an order of compliance is granted. The defendant shall attend and testify at its next noticed deposition which shall be commenced on a weekday not earlier than 9:00 A.M. and continue from week day to week day but shall be recessed not later than 5:30 P.M. on any given day.
 IV
In connection with its notice of the defendant's deposition, the plaintiff requested that the defendant produce certain documents. Practice Book § 244 (f) provides: "[T]he notice to a party deponent may be accompanied by a request made in compliance with Sec. 226 for the production of documents and tangible things at the taking of the deposition. The procedure of Sec. 226 shall apply to the request." Section 226 of the Practice Book is a subheading section, followed by substantive sections 227 through 236B. Practice Book § 228 prescribes the procedure for filing objections to a request for production. The plaintiff argues that the defendants motion for protective order should be denied because such a motion is not the procedure prescribed for objecting to such a document request. While the plaintiff may be correct as a matter of procedure, under the circumstances here the court will address the substance of the defendant's motion rather than denying it wholesale because of the defendant's use of an improper form.
The first subject of the defendant's motion for protective order is "the entire claims file, adjuster's file, supervisor's file and any other files pertaining to Lucille Cribs and property known as 670 Prospect Street, New haven, Connecticut." The CT Page 977 defendant states: "This production request is improper because it seeks information protected by the Work Product Doctrine and also by the attorney-client privilege. The request is also vague and overly broad in that it does not specify what is sought in regards to `any other files pertaining to Lucille Cribs.' It is also improper because it seeks information prepared in anticipation of litigation and/or trial which contains the mental impressions, conclusions, theories or legal opinions of said representative's attorneys." In resolving this objection, the court has had the benefit of all of the defendant's files, which the court has repeatedly examined in camera.
 A.
Documents and other "[c]ommunications between client and attorney are privileged when [1] made in confidence [2] for the purpose of seeking legal advice. Doyle v. Reeves, 112 Conn. 521,523, 152 A. 882 (1931); Tait LaPlante, Handbook of Connecticut Evidence (1976) § 12.5." (Internal quotation marks omitted.)Rosado v. Roman Catholic Diocesan Corp., Superior Court, judicial district of Fairfield, No. CV93302072 (June 2, 1995). "The burden of proving the facts essential to the privilege is on the person asserting it. [citations omitted.] This burden, includes, of course, . . . proving the essential element that the communication was confidential." State v. Hanna, 150 Conn. 457,466, 191 A.2d 124 (1963).
The defendant has not sought to make any showing of privilege. Therefore, only those documents which, on their face, evidence that they are within the ambit of the privilege need not be disclosed. Those documents are in the correspondence section of the file produced for the court and are enumerated in the footnote.[1]
 B.
The other principal ground of the defendant's motion for protective order is that the documents sought by the plaintiff are protected by the "work product" privilege. This privilege is embodied in Practice Book § 219, which provides: "Subject to the provisions of Sec. 220, a party may obtain discovery of documents and tangible things otherwise discoverable under Sec. 218 and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative only upon a showing that the party seeking discovery has CT Page 978 substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall not order disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." The documents sought to be protected need not have been created by or at the direction of a party's attorney. Rather, they may be created or prepared "by or for another party or by or for that other party's representative. . . ." Notably, the Practice Book provides that "`party' means (a) a person named as a party in the action, or (b) an agent, employee, officer, or director of a public or private corporation, partnership, association, or governmental agency, named as a party in the action. . . ." Practice Book § 216 (2). The Practice Book also provides that "`representative' includes agent, attorney, consultant, indemnitor, insurer, and surety." Practice Book § 216 (3).
"The burden of establishing that the information sought constitutes work product is upon the party asserting such a claim." Carrier Corporation v. The Home insurance Company,
Superior Court, Judicial District of Hartford/New Britain at Hartford, No. CV88-35 23 83 S (7 CSCR 823, 825) (June 2, 1992,Schaller, J.). Again, the defendant has not sought to buttress its claim by affidavit or other evidence. For this reason, the court orders produced: the entire underwriter's file, the "investigation," the contents of the file folder entitled "Peerless claims notes/photos," Appraisal of J.P. Maguire Associates, Inc., the contents of the file folder entitled "Commercial insurance (Agent) File," the contents of the file folder entitled "Ins Policy (Peerless); Confidential Structural Fire Investigation Report, 8/21/96.
In addition, to the extent not heretofore produced, the court orders the defendant to produce the "Deposition" of David John Calderellaand the "Deposition" of Andrew Hvizd III.
 C.
Finally, the plaintiff has maintained throughout the discovery controversy that much of the defendant's claims of privilege are vitiated because of the plaintiff's claim of bad faith in this action. With respect to most of the pertinent CT Page 979 documents, it has been unnecessary to address this argument because the defendant failed to make a showing of the applicability of the particular privilege. As to the remaining documents, all of which have been contained in the correspondence section of the file presented to the court,[2] I adhere to my holding in Khanthavong v. Allsate Insurance Co., Superior Court, judicial district of Fairfield, No. 324502 (18 Conn.L.Rptr. 304) (December 3, 1996), that discovery which is either irrelevant or privileged as to an underlying insurance contract action, but not so as to an accompanying action for bad faith, may not be had until further order of the court and until the plaintiff obtains a verdict as to liability in her favor in the contract action. Therefore, to the extent the plaintiff seeks those documents, the two causes of action are bifurcated pursuant to Practice Book §§ 133, 283 and General Statutes §§ 52-97, 52-205. See alsoDunn v. Way, 241 Mont. 208, 786 P.2d 649 (1990); Bartlett v. JohnHancock Mutual Life Insurance Co., 538 A.2d 997 (R.I. 1988).
 V
Resolution of the plaintiff's objection to defendant's request for production is deferred until subsequent to the defendant's filing of an answer. At that time the issues in the case will be fully set forth, enabling the court to dispose of the objection in light of the provisions of Practice Book § 218.[3]
BY THE COURT
Bruce L. LevinJudge of the Superior Court